UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

PETER J. BIBBY

v.                                          C.A. NO. 08-225 ML

RUSSELL ROBINSON ET AL.

REPORT AND RECOMMENDATION

Jacob Hagopian, Senior United States Magistrate Judge.

Presently before the Court is the motion filed on June 5, 2008 by plaintiff, Peter J. Bibby, *pro se,* to proceed *in forma pauperis* (Docket #2). Simultaneously, plaintiff filed a complaint under 42 U.S.C. § 1983 ("§ 1983") naming as defendants Russell Robinson ("Robinson"), the owner of Robinson Plumbing and Heating Supply Company ("Robinson Plumbing"); the Town of Wrentham, Massachusetts ("Wrentham"); and several John and Jane Does in their individual capacities ("John Does") (Docket #1). Plaintiff alleges that the defendants violated his Fourth, Eighth, and Fourteenth Amendment rights under the United States Constitution in connection with his arrest and incarceration for a non-existent probation violation. Plaintiff is currently incarcerated at the Adult Correctional Institutions ("ACI") in Cranston, Rhode Island as a result of a conviction unrelated to the events about which he complains in the instant matter.

This matter has been referred to me for determination; however, upon screening plaintiff's complaint as required by Section 1915A of Title 28 of the United States Code ("1915A"), I have found that plaintiff's complaint fails to state a claim upon which relief may be granted. Therefore, I address this matter by way of this report and recommendation. For the reasons stated below, I recommend that plaintiff's complaint be DISMISSED and his motion to proceed *in forma pauperis* be DENIED.

1

## BACKGROUND

The facts as described by plaintiff in his complaint and the exhibits attached thereto are as follows. In April 1999, plaintiff was convicted in Massachusetts of larceny by check over $250 for issuing a $3,252 check without sufficient funds to cover it. He was sentenced to probation and ordered to pay restitution in the amount of the check. In October 2001, the Wrentham District Court ordered plaintiff's probation be extended to October 30, 2003 and that he pay the restitution in the amount of $100 per month through the court. Plaintiff thereafter paid the restitution in full and notified the Wrentham probation department. He also contacted defendant Robinson's business and requested that they notify the probation office of the successful completion of his obligation to pay restitution.

Plaintiff alleges that Robinson failed to notify the probation department and that the probation department failed to contact Robinson to determine if the payment was completed before they sought and obtained a violation of probation and a warrant for the plaintiff's arrest. At some point, plaintiff moved and was bed-ridden because of an accident and "was unable to follow thru and did not receive notice from probation." Docket #1 at 3. Plaintiff was arrested and incarcerated in Rhode Island by several John Does on November 2, 2006. After he was released from the ACI, plaintiff turned himself in to police on November 7, 2006 and was extradited to the Wrentham District Court. The judge, upon verifying that the restitution had been paid in full, ordered plaintiff released and his probation terminated.

On June 5, 2008, plaintiff filed the instant matter with the Court alleging that the defendants had violated his Fourth, Eighth, and Fourteenth Amendment rights by their actions in connection with his wrongful arrest and imprisonment. Plaintiff is seeking compensatory and punitive damages for loss of liberty and income, loss of employment and emotional distress.

## DISCUSSION

I.  **Screening Under § 1915A and § 1915(e)(2)**

Section 1915A of Title 28 of the United States Code ("1915A") directs the Court to screen prisoner complaints against a governmental entity, officer or employee before docketing or soon thereafter to identify cognizable claims, and requires the Court to dismiss the complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Similarly, 28 U.S.C. § 1915(e)(2) instructs the Court to dismiss the case of a person proceeding *in forma pauperis* for identical reasons. 28 U.S.C. § 1915(e)(2)

As discussed below, the issue in this case is whether plaintiff's complaint states claims for which relief may be granted from defendants who are not immune. In making this determination, the Court must accept plaintiff's allegations as true and construe them in the light most favorable to plaintiff, although the Court need not credit bald assertions or unverifiable conclusions. *United States v. AVX Corp.*, 962 F2d 108, 115 (1st Cir. 1992). Further, the Court must review pleadings of a *pro se* plaintiff liberally. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). To state a claim for relief, a pleading must contain "a statement of claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests," *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1959 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)); Fed.R.Civ.P. 8(a)(2).

To state a claim for relief under § 1983, as plaintiff attempts to do here, a plaintiff must allege that (i) he was deprived of a right protected by the Constitution or federal law, *see, e.g., Baker v. McCollan*, 443 U.S. 137 (1979) (constitutional deprivations); *Maine v. Thiboutot*, 448 U.S. 1 (1980)(statutory deprivations), and (ii) the deprivation was caused by a person acting under color of state law, *see Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

## II.     Robinson: No Action Under Color of State Law

Plaintiff first names Robinson as a defendant, suing him "in his individual capacity for his actions under the color of state law." Robinson is not employed by the state and is being sued in his capacity as a business owner. A private party can act "under the color of state law" if (i) his conduct is "fairly attributable to the state", *Lugar v. Edmondson Oil Co.* 457 U.S. 922, 937 (1982); (ii) he is exercising government powers or representing the interest of the state, *see NCAA v. Tarkanian*, 488 U.S. 179, 196 (1988); or (iii) he conspired with a state entity pursuant to an agreement, *see Tower v. Glover*, 467 U.S. 914 (1984); *see also Adickes v. H.S. Kress & Co.*, 398 U.S. 144, 152 (1970)(conspiracy must be proven by an agreement).

However, here plaintiff fails to allege any facts supporting his theory that Robinson acted under the color of state law. Plaintiff's only allegations against Robinson are that he owned a business which was victimized by plaintiff's larceny by check and later failed to notify the probation department that the check was paid in full. These allegations do not support a claim that Robinson's actions were "fairly attributable to the state", done while representing the state, or involved an agreement with a state entity to violate plaintiff's constitutional rights. As a result, plaintiff has not alleged any conduct that would satisfy a claim for relief. I recommend that the action against Robinson be DISMISSED.

## III.    Wrentham: No Municipal Policy or Custom

Plaintiff also names Wrentham as a defendant. To state a claim against a municipality under § 1983, a plaintiff must allege that his constitutional injury was caused by a "municipal policy or custom." *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 166 (1995); *see also City of Oklahoma v. Tuttle*, 471 U.S. 808, 824 (1985) (municipalities cannot be held liable for a single incident unless it results from an unconstitutional policy attributable to a municipal policy maker).

Here, plaintiff makes no allegations of a wrongful policy or custom on Wrentham's part. Further, to the extent plaintiff is alleging liability as a result of a municipal employee, such as a probation or police officer, Wrentham cannot be held vicariously liable for the actions of its employees. *See Pempbaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986). Therefore, plaintiff has failed to state a claim upon which relief may be granted against Wrentham. I recommend that the claim against Wrentham be DISMISSED.

### IV. John Does: Failure to State a Claim and Qualified Immunity

Finally, plaintiff names John Does as defendants in their individual capacities for their actions under the color of state law. The only allegations plaintiff makes against the John Does are: (i) "Plaintiff was arrested and incarcerated 11/02/06 without probable cause as a result of defendants actions through negligence by several John and Jane Does, see Exhibit B [plaintiff's waiver of extradition and fugitive complaint forms]", Docket #1, Paragraph #16, and (ii) "Plaintiff was arrested and incarcerated by several Jane and John Does without probable cause who violated my Fourth, Eighth, Fourteenth Amendments rights, as a result of the defendants negligent acts", Docket #1, Paragraph 23. Thus it appears that the John Does are the Rhode Island police officers who arrested and incarcerated plaintiff.[1]

Plaintiff's allegations against the John Does are conclusory statements rather than factual allegations providing fair notice of the alleged wrongdoing depriving him of his Constitutional rights. *See Sisbarro v. Warden*, 592 F.2d 1, 2 (1st Cir. 1979) (some factual basis to support claim required). The only conduct he alleges by the Rhode Island police officers was arresting and incarcerating him based on a warrant that had issued in Massachusetts. Although he concludes that John Does acted without probable cause, the facts he alleges do not support such conclusion.

---

[1] To the extent the John Does are not Rhode Island police officers, plaintiff fails to plead facts sufficiently specific to provide notice and satisfy the basic pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. *See* Fed.R.Civ.P. 8(a).

Additionally, under the facts as plead, the police officers here would have a qualified immunity defense against plaintiff's claims. As executive officers performing a discretionary function, police officers are protected from § 1983 liability in their individual capacities for monetary damages by qualified immunity unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Police officers only lose their immunity if they "knew or reasonably should have known" their actions were unconstitutional. *Wood v. Strickland*, 420 U.S. 308, 322 (1975); *see also Anderson v. Creighton*, 483 U.S. 635, 640 (1987) (the Court must examine the information possessed by the officer to determine whether a reasonable official in a particular factual situation should have been on notice that his conduct was illegal). Plaintiff does not provide any facts suggesting that the Rhode Island police officers knew or should have known that the arrest warrant they executed lacked probable cause.

Accordingly, plaintiff's claims against the John Does fail to state a claim upon which relief may be granted and seek monetary relief from defendants who are immune from such relief. Therefore, I recommend that the claims against the John Does be DISMISSED.

## CONCLUSION

Plaintiff has failed to make claims upon which relief may be granted under § 1983. He names Robinson as a defendant without alleging facts that would render Robinson's conduct as a private entity action under the color of state law. He names Wrentham as a defendant without alleging that a municipal policy or practice caused the violation of his constitutional rights. Finally, plaintiff sues police officer John Does without adequate factual allegations identifying their wrongful conduct or defeating the officers' qualified immunity. Consequently, I recommend that plaintiff's action be DISMISSED and plaintiff's motion to proceed *in forma pauperis* be DENIED.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten days of its receipt. Fed R. Civ. P. 72(b); LR Cv 72(d). Failure to file timely, specific objections to this report constitutes waiver of both the right to review by the district court and the right to appeal the district court's decision. *United States v. Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986) (per curiam); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603(1st Cir. 1980).

_____
Jacob Hagopian
Senior United States Magistrate Judge
Date: July 28, 2008